**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**10/6/2022 11:15 AM**
**JAMIE SMITH**
**DISTRICT CLERK**
**E-210592**

CAUSE NO. E210592

| | | |
|---|---|---|
| **JAVED VENTURE HOLDINGS LLC** | * | **IN THE DISTRICT COURT OF** |
| | * | |
| **VS.** | * | **JEFFERSON COUNTY, TEXAS** |
| | * | |
| **MT HAWLEY INSURANCE COMPANY** | * | |
| **AND RENAISSANCE RE SYNDICATE** | * | 172nd |
| **1458 LLOYD'S** | * | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **JAVED VENTURE HOLDINGS LLC, (misnomered in the insurance policy/certificate number MPC0500627 as JAVED VENTURES HOLDING LLC)**, Plaintiff in the above-styled matter and files this Original Petition complaining of Defendants, **MT HAWLEY INSURANCE COMPANY, (hereinafter referred to as "MT HAWLEY"** and **RENAISSANCE RE SYNDICATE 1458 LLOYD'S**, (hereinafter referred to as **"LLOYD'S"**), and for cause of action show the Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff affirmatively pleads that discovery will be conducted in accordance with TEX. R. CIV. P. 190.3 also known as "Level 2" Discovery Control Plan, unless modified by court order in the interest of justice.

### PARTIES

2.     Plaintiff, **JAVED VENTURE HOLDINGS LLC**, is a Texas corporation doing business in, and maintaining its principal place of business in, Beaumont, Jefferson County, Texas.

3.     Defendant, **MT HAWLEY INSURANCE COMPANY**, is an insurance company registered to do business in the state of Texas, but who does not maintain a registered agent for service of process in this state.  By virtue of not having a registered agent in this state, said Defendant has designated the Texas Commissioner of Insurance as its agent for service.  As such, the Defendant, **MT HAWLEY INSURANCE COMPANY**, may be served with process

by certified mail return receipt requested through its agent for service, to wit: Craig W. Kliethermes, President, RLI Underwriters Services, Inc., 9025 N. Lindbergh Drive, Peoria, Illinois 61615. Said Defendant can be served through the Texas Commissioner of Insurance, to wit: Cassie Brown, 333 Guadalupe Street, Austin, TX 78701.

4.    Defendant, **RENAISSANCE RE SYNDICATE 1458 LLOYD'S**, is an insurance company registered to do business in the state of Texas, but who does not maintain a registered agent for service of process in this state. By virtue of not having a registered agent in this state, said Defendant has designated the Texas Commissioner of Insurance as its agent for service. As such, the Defendant, **RENAISSANCE RE SYNDICATE 1458 LLOYD'S**, may be served with process by certified mail return receipt requested through its agent for service, to wit: MESSRS, MENDES and MOUNT, 750 Seventh Avenue, New York, NY 10019-6829. Said Defendant can be served through the Texas Commissioner of Insurance, to wit: Cassie Brown, 333 Guadalupe Street, Austin, TX 78701.

## **VENUE AND JURISDICTION**

5.    Suit is proper in Jefferson County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county and the properties in question are located in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE. 15.032. In addition, the court has jurisdiction over Defendants because Defendants are citizens of the State of Texas and/or engage in the business of insurance in the state of Texas and the cause of action arises out of Defendants' business activities in the state of Texas. Also, the damages sought are for monetary relief over $250,000.00, but not more than $1,000,000.00.

## **FACTUAL BACKGROUND**

6.    Plaintiff is the owner of **Texas Commercial Windstorm Policy/Certificate number MPC0500627** issued by Defendants (hereinafter referred to as "the policy"). Plaintiff owns the insured property, which is specifically located at **87 I-10 N, in Beaumont, Jefferson County, Texas.**

7.    Defendants sold the policy, insuring the property, to Plaintiff.

**8.**     Plaintiff submitted a windstorm claim to Defendants with a date of loss on or about October 8, 2020 (Hurricane Delta), for damage to the property as a result of Hurricane Delta.

**9.**     Defendants assigned claim number **00503067** to Plaintiff's claim.

**10.**     Defendants failed to accept coverage in full; deny coverage in full; or accept coverage in part; and/or deny coverage part, within sixty (60) days from the date the claim was made as required by the policy and by Section 2210.573(d) of the Texas Insurance Code.

**11.**     To the extent Defendants adjusted the claim, the adjuster(s) assigned to the claim conducted a substandard investigation and inspection of the property; prepared a report that failed to include all of the damages that he/she noted during the inspection; and undervalued the damages he/she observed during the inspection.

**12.**     Defendants and/or their adjuster, agent, servant, representative and/or employee, performed an outcome-oriented inspection/investigation of Plaintiff's claim which resulted in a biased, unfair, inadequate and inequitable evaluation of Plaintiff's claim.    This unreasonable/inadequate inspection/investigation resulted in the nonpayment or underpayment of Plaintiff's claim.

## CAUSES OF ACTION

**13.**     Defendants had a contract of insurance with Plaintiff.  Defendants breached the terms of that contract by denying coverage in full and refusing to pay the claim, creating a cause of action in Plaintiff's favor under the Texas Insurance Code Section 2210.575.

**14.**     Defendants failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy.  Defendants failed and refuse to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.   Such conduct constitutes breach of the insurance contract between Plaintiff and Defendants.

**15.**     Defendants misrepresented to Plaintiff that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence.  Defendants'

conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE. Section 541.060(1).

16.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(2).

17.     Defendants failed to explain to Plaintiff the reasons for their denial/offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure/refusal to adequately settle Plaintiff's claim. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(3).

18.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(4).

19.     Defendants failed/refused to fully compensate Plaintiff under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome - oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(4).

20.     Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claim, beginning investigation into/of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas

Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.055.

**21.**     Defendants failed to accept or deny Plaintiff's full and entire claim within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the Texas Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.056.

**22.**     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for the claim. Defendants' conduct constitutes a violation of the Texas Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.055.

**23.**     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim, in accordance with the terms of the policy, was reasonably clear. However, Defendants have failed/refused to pay Plaintiff in full despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

**24.**     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

**25.**     Plaintiff's experience is not an isolated case.  The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

**26.**     Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act, and intentional breach of the duty of good faith and fair dealing.

**BREACH OF CONTRACT**

**27.**    Defendants' conduct constitutes a breach of the insurance contract made between Plaintiff and Defendants.

**28.**    Defendants' failure/refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the policy in question and under the laws of the state of Texas, constitutes breaches of the insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 541:**

**"UNFAIR COMPETITION AND UNFAIR PRACTICES ACT"**

**29.**    Defendants' conduct constitutes multiple violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

**30.**    Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**31.**    Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**32.**    Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, or lack thereof, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**33.**    Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim of Plaintiff or to submit a reservation of rights to

Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542:
## "THE PROMPT PAYMENT OF CLAIMS ACT"

35.     Defendants' conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36.     Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37.     Defendants' delay of payment of Plaintiff's claim, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

38.     Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

39.     Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Defendants knew, or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE AND INTENT

40.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## TEXAS DECEPTIVE TRADE PRACTICES ACT

41.    Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.    Defendants' actions, as described, also constitute violations of the Texas Deceptive Trade Practices Act, independently of its tie-in provisions.  At all times material hereto, Plaintiff was a consumer who purchased a windstorm insurance policy from Defendants. Defendants have violated the Texas Deceptive Trade Practices Act in the following manners:

        a.    Representing that the goods or services in question had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it did not have;

        b.    Representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law;

        c.    Failing to disclose information about the goods or services in question that was known at the time of the transaction and the failure to disclose was intended to induce Plaintiff into a transaction that Plaintiff would not have entered into had the information been disclosed;

        d.    Breach of the express warranty with regard to services; and

        e.    Defendants' unconscionable actions and/or courses of actions.

43.    Plaintiff relied on these misrepresentations by Defendants to its detriment.   These misrepresentations were a producing cause of Plaintiff's injuries in the form of actual damages, consequential and incidental damages, special damages in the form of loss of use of property(ies) (both real and personal) and damage to credit, attorney's fees and additional statutory damages.

44.    Plaintiff is also entitled to mental anguish damages and statutory treble damages, because the actions of Defendants were made knowingly and intentionally, with the intent that Plaintiff rely on the false misrepresentations of Defendants.

## DAMAGES AND PRAYER

45.    Wherefore, premises considered, Plaintiff herein, **JAVED VENTURE HOLDINGS LLC, (misnomered in the insurance policy/certificate number MPC0500627 as JAVED VENTURES HOLDING LLC),** complains of Defendants, **MT HAWLEY INSURANCE COMPANY** and **RENAISSANCE RE SYNDICATE 1458 LLOYD'S**, and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

46.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

47.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims together with attorney's fees.

48.    Economic and actual damages, including:

    a.    Out of pocket expenses;

    b.    Cost of replacement; and,

    c.    Cost of repairs.

49.    For noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times its actual damages. TEX. INS. CODE Section 541.060.

50.    For noncompliance with the Texas Deceptive Trade Practices Act, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for

three times its actual damages. TEX. INS. CODE Section 541.060.

**51.**    For non compliance with Texas Prompt Payment of Claims Act, Plaintiff is entitled to the amount of its claim as well as ten (10%) percent statutory interest.

**52.**    For violation of the common law duty of good faith and fair dealing, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs, exemplary damages, pre-judgment interest, post-judgment interest and attorney's fees, and for any other further relief, either at law or in equity, to which it may show its self to be justly entitled.

Respectfully submitted,

By: *Rocky Lawdermilk*

ROCKY LAWDERMILK
State Bar No. 90001440
2630 Liberty
Beaumont, Texas 77702
(409) 838-1800
(409) 212-8836 – FAX
Email: rocky@rocklaws.com

By: *Thomas M. Furlow/by permission*

THOMAS M. FURLOW
State Bar No. 00784093
FURLOW LAW FIRM, PLLC
1032 Central Parkway S.
San Antonio, Texas 78232
(210) 910-4501
(210) 481-4576 FAX
Email: tfurlow@furlowlawfirm.com

ATTORNEYS FOR PLAINTIFF(S)